BOTSFORD, DEATHERAGE, YOUNG & CREASON v. HAMNER. (No. 7868.)

(Court of Civil Appeals of Texas. Ft. Worth. March 7, 1914. Rehearing Denied April 18, 1914.)

1. ATTORNEY AND CLIENT (§ 145*)—BREACH—FORFEITURE.

A judgment debtor pledged notes of third persons with defendant, the attorney of the judgment creditor, to secure the judgment, and thereafter transferred his equity to secure a debt which he owed plaintiffs, and subsequently transferred the notes to the judgment creditor, under an agreement between plaintiffs and the attorney that the latter should collect the notes and, after retaining his compensation, divide the balance between the judgment creditor and plaintiffs. The attorney sued in the name of the judgment creditor on the notes, and judgment was obtained on the original pleadings. *Held,* that the failure of plaintiffs to serve process in the action on request of the attorney did not justify the attorney in claiming a forfeiture of plaintiffs' rights under the contract, especially where proper service was procured in due time.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 334, 335; Dec. Dig. § 145.*]

2. ATTORNEY AND CLIENT (§ 129*)—CONTRACT OF EMPLOYMENT—BREACH—FORFEITURE.

Where an attorney contracted to collect notes transferred to his client to secure a judgment in her favor, and divide the proceeds be-

tween his client and plaintiffs after deducting his compensation, and the attorney collected the notes by action in the name of the client, but failed to pay to plaintiffs their share of the proceeds, an action by plaintiffs was properly brought against the attorney, and not against his client.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 284–291; Dec. Dig. § 129.*]

Appeal from District Court, Nolan County; W. W. Beall, Judge.

Action by Botsford, Deatherage, Young & Creason against Ed J. Hamner. From a judgment for defendant, plaintiffs appeal. Reversed and rendered.

Crane & Bondies, of Sweetwater, for appellants. Geo. T. Wilson, of Sweetwater, for appellee.

DUNKLIN, J. This suit was instituted by Botsford, Deatherage, Young & Creason against Ed J. Hamner, and from a judgment in favor ·of the defendant, plaintiffs have appealed.

The defendant, as attorney for Mrs. Bettie F. Smith, recovered a judgment in favor of Mrs. Smith against R. B. Pyron, who, in order to secure payment of the same, hypothecated with Hamner three promissory notes, two for $1,000 each and one for the sum of $2,000, payable to the order of Pyron and executed by Sidney P. Allen and W. A. Rule. Pyron then transferred his equity in those notes to the plaintiffs, who were residing in Kansas City, as security for the payment of certain indebtedness which he owed to them. A correspondence then ensued between plaintiffs and Hamner, who resided in Colorado City, Tex., relative to the collection of the Rule and Allen notes held by Hamner, the face value of which was in excess of the judgment in favor of Mrs. Smith against Pyron; plaintiffs' purpose being to realize any amount that might be collected on those notes over and above the amount of Mrs. Smith's judgment. The correspondence began with a letter from plaintiffs to the defendant, dated July 8, 1908, calling attention to the fact of the assignment by Pyron to plaintiffs of his equity in the notes to secure his indebtedness to the plaintiffs, stating that Rule had assured plaintiffs that he would pay the notes in the near future, and requesting Hamner that he would remit to the plaintiffs any balance remaining after the payment of Mrs. Smith's judgment. A reply to this letter was written by defendant and dated July 10th, suggesting that plaintiffs make certain investigations relative to the notes, and inclosing copies of letters he had written to Rule and Allen relative thereto. On July 25th defendant wrote plaintiffs another letter, stating that the writer was of the opinion that the notes could be collected by suit, but that in order to do so it would be necessary for Pyron to transfer the title of the notes to Jack M. Smith, plaintiff in the judgment for the payment of which the notes had been hypothecated, and that, if Pyron would execute such a transfer, the writer would proceed to collect the notes and, after deducting from the amount collected the expenses of collection, including all costs incurred and 10 per cent. attorney's fees, $33/40$ of the balance remaining would be applied to the judgment in favor of Jack Smith and $7/40$ would be applied to the debt which Pyron owed the plaintiffs. In this letter the defendant requested plaintiffs to see Pyron at once and have him execute such a transfer and to report to the writer promptly. It was shown beyond controversy that in this and all other letters from defendant to plaintiffs reference to the judgment as being in favor of Jack M. Smith was a clerical error; that the judgment was in fact owned by Mrs. Bettie F. Smith.

Thereafter numerous letters passed between the parties, indicating an effort on plaintiffs' part to get Rule and Allen to pay the notes without suit and a willingness on the part of plaintiffs to accede to the proposition made by the defendant in his letter of July 25th, in the event a suit should become necessary to collect the notes. On August 17th defendant addressed another letter to plaintiffs, insisting that Pyron execute the transfer of the notes, with an agreement to divide the proceeds as suggested in his letter of July 25th. On September 2d he wrote plaintiffs another letter, inclosing a transfer to be· signed by Pyron in accordance with the proposition already made, and requesting that plaintiffs have Pyron execute the same, and that, when executed, it be returned to· the writer. Plaintiffs replied to this letter, stating that the transfer had been forwarded to Mr. Pyron, with the request that he execute it at once. On October 8th Pyron did execute and acknowledge the transfer, and on October 13th plaintiffs inclosed the same in a letter to the defendant, reading as follows: "Bob Pyron arrived here two or three days ago, and while here he signed and acknowledged the instrument which you wanted in order to institute suit against Rule and Allen on the notes, and we herewith inclose the same. I saw Mr. Rule twice last week, and each time he made promises to pay the interest, but somehow he has never succeeded in paying over any money, and I don't know of anything to do, or that can be done, except to follow your line."

The transfer so executed reads as follows: "State of Texas, County of Mitchell.

"Whereas, the undersigned, R. B. Pyron, is indebted to Bettie F. Smith, plaintiff in cause No. 1111, in the district court of Mitchell county, Texas, against R. B. Pyron, wherein the said plaintiff on ʼJune 28, 1907, recovered judgment against said defendant for the sum of $3,343.35, together with inter-

est on said amount from that date until paid at the rate of 10% per annum; and, whereas, heretofore said defendant R. B. Pyron placed with Ed J. Hamner, Esquire, three (3) certain promissory notes · executed by Sidney P. Allen and W. A. Rule on the 1st day of July, A. D. 1907, all of which said notes matured one year after date thereof, each being payable to R. B. Pyron or order at the National Bank of Commerce, Kansas City, Missouri, with interest from date thereof at the rate of six (6%) per cent. per annum, interest payable semiannually, said interest to be compounded if not paid as specified in the face of said notes, said notes being indorsed by me. The two notes for $1,-000.00 each have a credit on each note of $30.00, and the one note for $2,000.00 bears a credit of $60.00, being the interest paid thereon for the first six months after their date, said credits being made on January 2, 1908. Said notes were given to said Ed J. Hamner by me as security for the judgment of said Bettie F. Smith, above mentioned. And, whereas, said notes have not been paid off nor satisfied, and it will be necessary to take proceedings to secure their payment:

"Now, therefore, I, R. B. Pyron, the owner of said notes, for and in consideration of one ($1.00) dollar cash in hand paid by said Bettie F. Smith, and the agreements herein contained, do hereby sell, transfer, assign, and set over said notes to the said Bettie F. Smith, upon the following terms and conditions, to wit:

"First: Said Bettie F. Smith is to use due diligence to collect said notes, and after the payment of ten (10%) per cent. attorney's fees, and all expenses necessarily incurred in the exercise of due diligence to collect said notes, is to retain thirty-three fortieths ($^{33}/_{40}$) of the proceeds of said notes, and is to remit to Botsford, Deatherage, Young & Creason, attorneys, at Kansas City, Missouri, the remaining seven-fortieths ($^7/_{40}$).

"Second. The said Botsford, Deatherage, Young & Creason are to assist the said Bettie F. Smith with information, and in all other reasonable manner, to collect said notes, and so am I.

"Third. The said Bettie F. Smith is authorized to accept in lieu of said notes other notes to be executed by said Sidney P. Allen and W. A. Rule, payable on or before December 1, 1908, if the said Sidney P. Allen and W. A. Rule will execute the same and pay the interest due on said notes to that date.　　　　　R. B. Pyron."

After the receipt of the transfer, defendant instituted a suit in the name of Bettie F. Smith as plaintiff against Rule and Allen upon the notes so transferred by Pyron. After the institution of the suit defendant addressed a letter to plaintiffs, of date December 2, 1908, inclosing citations to be served upon the Boatmen's Bank of St. Louis, C.

H. Kohler, Sidney P. Allen, and W. A. Rule, of Kansas City, all of whom were made parties defendant in the suit, and requesting that plaintiff have the citations served upon those parties. On December 4, 1908, a letter was written to the defendant by one of the plaintiffs returning the citations and stating that, by reason of the fact that plaintiffs were attorneys for the Boatmen's Bank in quite a number of other important matters, it would be improper for plaintiffs "to act in this case in any manner whatsoever." On December 9th defendant wrote plaintiffs the following letter: "I have yours of the 4th inst., returning service on the Boatmen's Bank, etc. I regret very much the course you have pursued. It occurs to me that inasmuch as you are interested in the collection of these notes that it would have been entirely proper and would not have hurt you to turn this matter over to an officer, so that it could have been attended to and service not diverted. As it is now the parties have been advised that the suit is filed and will no doubt be trying to avoid service and defeat trial of this case in January. However, the damage has been done, if done at all. There is no use crying over spilt milk. Had you simply turned the papers over to an officer and let him serve them and return to me, it would have been a great deal better." On December 15th another letter was written to defendant, with the plaintiffs' name signed thereto, in reply to the letter last mentioned, stating that plaintiffs' letter of December 4th had been written by Mr. Botsford, who was ignorant of the particulars of the deal concerning the Rule notes, and that Mr. Botsford had written the letter without awaiting an opportunity to consult the other member of the firm, who was then out of the city. On December 18th defendant wrote to plaintiffs the following letter: "I have your favor of December 15th, and beg to advise that I obtained legal service upon all parties to the suit, returnable to the January term, 1909. My attachments are complete and I will obtain judgment. I understand, however, that Bush & Tillar will proceed to foreclose their vendor's lien against this land unless this suit is paid off and dismissed. Of course, if that foreclosure takes place, it leaves us nothing to attach, in which event I will proceed to put Allen and Rule in bankruptcy; but it occurs to me that the Boatmen's Bank will be very glad to pay this debt off to protect itself in the amount of money it is already out. If it does not, of course, when the bankruptcy proceeding is instituted, which I will do immediately, the bank will either have to back off from the entire indebtedness it holds, or come in and have to return to Rule the amount it has collected. At any rate, I think we are in a position to make your bank either settle this debt or back off, as they should do."

On January 5th a judgment was rendered

in favor of Mrs. Bettie F. Smith against Rule and Allen upon the notes so transferred by Pyron for the sum of $4,244 and costs of suit. Thereafter the judgment was collected in full, amounting to $4,345.30, out of which was deducted $80.30, costs of suit, leaving a balance in defendant's hands of $4,265, which represented the amount of the judgment, $4,244, and interest accrued thereon from the date of the judgment to the date of its collection. Of this amount, on February 8, 1909, defendant remitted to plaintiffs $107.26 in a letter reading as follows: "Herewith find my check for $107.26, covering the balance due R. B. Pyron for payment on the Allen and Rule notes after deducting the Bettie F. Smith judgment therefrom, which amount I send you as per instructions from Mr. Pyron." At the time that judgment was collected, there was due upon the judgment in favor of Mrs. Bettie F. Smith against R. B. Pyron the sum of $3,521.66, which judgment was satisfied in full by the defendant out of the money collected upon the Rule and Allen notes, and for his services in procuring the judgment against Rule and Allen defendant retained less than the 10 per cent. provided therefor in the transfer of the notes from Pyron to Mrs. Bettie F. Smith. The amount remitted by defendant to plaintiffs being less than the amount that plaintiffs were entitled to receive according to the terms of the transfer of the Rule and Allen notes by Pyron, they instituted this suit for the balance, alleging the transfer and claiming a right to a division of the amount collected according to its terms.

[1] Among other defenses, the defendant alleged the failure of plaintiffs to procure service of citation in the suit instituted by Mrs. Bettie F. Smith upon the Rule and Allen notes, as shown in the correspondence above noted, claiming that by reason of their failure so to do they were not entitled to recover under the terms of said contract— in effect, that by the failure to perform that service plaintiffs had forfeited all rights under the contract.

One of the instructions given by the court to the jury was, in effect, that if plaintiffs refused in any material respect to aid the defendant Hamner in the collection of the Rule and Allen notes when called upon to do so by Hamner, and that by reason of such refusal Mrs. Bettie F. Smith, or her attorney, Hamner, rescinded the contract evidenced by the transfer of the notes to Mrs. Bettie F. Smith by Pyron, and proceeded to collect the notes under the former contract with Pyron, then plaintiffs could not claim any benefits under the contract evidenced by the transfer of the notes by Pyron to Mrs. Bettie F. Smith. Error has been assigned to this charge, and also to the refusal of a peremptory instruction that plaintiffs' failure to procure the service of the process in the suit did not work a forfeiture of their rights under the contract.

The entire negotiations between plaintiffs and defendant were by correspondence which appears in the record, and there is nothing indicating any failure by plaintiffs to aid in the collection of the Rule and Allen notes in every manner possible, save and except their failure to procure the service of process, as shown in the correspondence noted. Nor is there any suggestion in that correspondence of any intention on the part of Mrs. Bettie F. Smith, or her attorney, to claim a forfeiture of plaintiffs' rights by reason of their failure to perform that service. It further appears from defendant's letter of December 18th that he had procured the service of process in time for the term of court during which he desired to try the case, and there is no suggestion in the correspondence, or otherwise in the evidence, that plaintiffs' failure to render the service requested had worked any hardship or loss whatsoever to Bettie F. Smith or her attorney, Hamner. Furthermore, the suit to collect the Rule and Allen notes, which had been instituted in her name under and by virtue of the transfer of the notes executed by Pyron to her, proceeded to judgment without any change in the pleading so far as shown in this record. There is no suggestion in the record of any notice to plaintiffs nor to Pyron of any rescission of, or attempt to rescind, the contract under which that suit was instituted; neither does the contract contain any stipulation indicating a right of forfeiture of plaintiffs' interest thereunder for such a minor breach of performance by plaintiffs as their failure to procure service of citation when requested so to do by the defendant. Ryan v. Porter, 61 Tex. 106.

[2] In fact, in appellee's brief no attempt is made to defend the charge given by the court upon the plea of rescission of the contract and forfeiture of the plaintiffs' rights thereunder; but it is insisted by the appellee that as the transfer from Pyron placed the title to the notes against Rule and Allen in Mrs. Bettie F. Smith, in whose name the judgment was recovered, the cause of action, if plaintiffs have any under the contract, would be against Mrs. Bettie F. Smith, and not against appellee, who acted for Mrs. Bettie F. Smith as attorney only. With this contention we are unable to agree. By the terms of the transfer of the notes the balance remaining after the payment of the expenses of collection was to be divided between plaintiffs and Mrs. Bettie F. Smith in the proportion stated. The effect of the transfer was to place title in $33/40$ of such balance in Mrs. Bettie F. Smith and $7/40$ in plaintiffs. In collecting the interest of plaintiffs in that balance, defendant necessarily did so as agent or attorney for plaintiffs, and not as attorney for Mrs. Bettie F. Smith, who had no title thereto. Under the undisputed evidence, judgment should have been rendered in favor of plaintiffs in accordance with the terms of that contract. From the

amount collected on the judgment, $4,265, defendant was entitled to deduct 10 per cent. attorney's fees, $426.50, which would leave a balance of $3,838.50. Of this balance, Mrs. Bettie F. Smith was entitled to $33/40$, or $3,166.76¼, while plaintiffs were entitled to $7/40$, or $671,73¾. Deducting from the sum last named $107.26, which· defendant remitted to plaintiffs, we have a balance of $564.-47, for which judgment should have been rendered in favor of plaintiffs.

Accordingly, the judgment of the trial court is reversed, and judgment is here rendered in favor of appellants against appellee for the sum of $564.47, with interest thereon at the rate of 6 per cent. per annum from February 2, 1909, the date of the collection of the judgment, up to the present date, together with costs of suit in the trial court, as well as the costs of this appeal.